Robertson *v.* State.

ROBERTSON *v.* STATE.

*(Jackson.* June 9, 1897.)

INDICTMENT. *Sufficiently charges disturbance of educational assemblage.*

An indictment which charges "that defendant did unlawfully disturb and disquiet an assembly of persons met for educational purposes, by rude and indecent conduct, bidding defiance to teacher and school directors, and refusing to obey the orders of either, thereby interfering with the literary exercises of the school," is sufficient, and does not charge disturbance by disobedience to orders merely, but by rude and indecent behavior in defiance of such orders.

Code construed: § 6776 (S.); § 5663 (M. & V.); §§ 4853, 4853*a* (T. & S.).

---

FROM OBION.

---

Appeal in error from Circuit Court of Obion County. W. W. SWIGGART, J.

OWNBY & LANNON and PIERCE & PARK for Robertson.

Attorney-general PICKLE for the State.

WILKES, J. This is a conviction for disturbing an assemblage met for educational and literary purposes. The defendants were fined $25 each, and have appealed.

Robertson *v.* State.

The only error assigned is the insufficiency of the allegations in the indictment. The charge is that "defendants did unlawfully disturb and disquiet an assembly of persons met for educational purposes, by rude and indecent conduct, bidding defiance to teacher and school directors, and refusing to obey the orders of either, thereby interfering with the literary exercises of the school."

This is in, substantially, the language of the statute. Shannon, § 6776.

Defendant insists that the proper construction of the language of the charge is that the disturbance and disquiet was caused by the refusal of defendants to obey the orders of the teachers and directors.

This is not, we think, the meaning of the charge, but it expressly states that such disturbance and disquiet was caused by rude and indecent conduct, and the proper construction is that, while guilty of such conduct, they bid defiance to the teacher and directors, and refused to obey their orders or requests for quiet and proper behavior.

It was not error to refuse to quash the indictment, and the charge as made is sufficient. No defense is made upon the merits, and there is no bill of exceptions in the record.

The judgment of the Court below is affirmed.